IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICHARD WHITE**                                                                              **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO.: 3:21-cv-180-KHJ-MTP**

**STEVE PICKETT and LATISHA KA LOCKHART**              **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [39] and Plaintiff's "Dispositive Motion" [41]. Having considered the submissions of the parties, the record, and the applicable law, the undersigned recommends that Defendants' Motion for Summary Judgment [39] be granted, that Plaintiff's "Dispositive Motion" [41] be denied, and that this action be dismissed without prejudice.

**BACKGROUND**

On March 9, 2021, Plaintiff, a post-conviction inmate proceeding *pro se* and *in forma pauperis*, filed his Complaint pursuant to 42 U.S.C. § 1983. Plaintiff's claims were clarified and amended by his testimony at the *Spears*[1] hearing.

Plaintiff was convicted and sentenced to 25-years in the custody of the Mississippi Department of Corrections. He alleges that when he was processed into the prison system in 2013, he was given a parole date of April 2, 2018. Plaintiff claims that in 2014, his parole date was "taken away." Plaintiff claims that in 2021, he was given a new parole date of June 18, 2024. Plaintiff argues that he is entitled to the April 2, 2018 parole date and requests monetary

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

damages of $600 per day that he has spent in custody in excess of that date. He also demands to be released.[2]

On August 9, 2022, Defendants filed a Motion for Summary Judgment [39] arguing that Plaintiff failed to properly exhaust his administrative remedies prior to filing this lawsuit. Plaintiff did not respond to the Defendants' motion but filed his own "Dispositive Motion" [41] on August 23, 2022. This matter is now ripe for review.

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

---

[2] Plaintiff filed his Complaint [1] pursuant to 42 U.S.C. §1983. *See* [1] at 3. Release from custody, however, is not an available remedy under §1983. *See Wilkinson v. Dotson,* 125 S.Ct. 1242, 1243 (2005) (a prisoner "cannot use § 1983 to obtain relief where success *would necessarily* demonstrate the invalidity of his confinement or its duration."). However, challenges to parole procedures where "a favorable determination…would not automatically entitle [the prisoner] to accelerated release" may be raised under § 1983. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

## ANALYSIS

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The United States Court of Appeals for the Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. Appx. 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Mississippi Code § 47-5-801 grants the Mississippi Department of Corrections ("MDOC") the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint relating to any aspect of his incarceration. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK[3] at Ch. VIII.

The ARP is a two-step process. An inmate is required to submit his initial grievance or request, in writing, through the Inmate Legal Assistance Program ("ILAP") within thirty days of an alleged incident. If, after screening, the grievance or request is accepted into the ARP, an official will issue a First Step Response. If the inmate is unsatisfied with the First Step Response, he may continue to the Second Step by using ARP form ARP-2. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK at Ch. VIII.

---

[3] *See* https://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf. (Last visited Jan. 11, 2023).

4

In support of their Motion for Summary Judgment [40], Defendants submitted an affidavit from Le Tresia Stewart, an Investigator II for the Administrative Remedy Program at CMCF, along with Plaintiff's grievance. *See* [39-2]. In November of 2017, Plaintiff filed a grievance stating that his parole date was taken away. *See* [39-2] at 4. On December 27, 2017, Jeworski Mallett wrote a first-step response addressing Plaintiff's grievance stating that his "file" was correct. *See* [39-2] at 6. The First Step Response Form Plaintiff received states "[i]f you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Administrative Remedy Program Director within 5 days of your receipt of this decision." [39-2] at 6. Plaintiff did not appeal the first-step response within five days as required by the ARP program.

Defendants argue that Plaintiff's claims should be dismissed because he failed to complete the ARP process and, thus, failed to exhaust his administrative remedies. In his Motion [41], Plaintiff argues that "to his knowledge" he exhausted all of the ARP remedies available to him and that if he did not complete the process "it was accidental and a mistake." [41] at 2. Plaintiff also claims that "the ARP department does not handle parole matters" and that the person who responded to his grievance "over-step[ped] his legal boundaries." [41] at 2. However, Plaintiff's arguments are unavailing.

In support of his claim that the ARP program does not handle parole matters, Plaintiff directs the Court to a section of the ARP form that indicates whether the grievance is accepted or rejected and to state the reason. One of the boxes that the MDOC could "check" to indicate why a grievance was rejected states "[t]he Mississippi Department of Corrections does not handle Parole Board/Probation matters." [39-2] at 2. However, this portion of the form did not apply to

5

Plaintiff's grievance related to his parole eligibility date as the grievance was accepted into the ARP and appropriately addressed at the first step.

Plaintiff also argues that he was not aware of the procedure or that he inadvertently failed to complete the two-step process. While Courts may consider unexhausted claims where grievance procedures are not available to an inmate, "courts may *not* deem grievance procedures unavailable merely because an inmate was ignorant of them, so long as the inmate had a fair, reasonable opportunity to apprise himself of the procedures." *Davis v. Fernandez*, 798 F.3d 290, 295 (5th Cir. 2015). The record demonstrates that Plaintiff had such an opportunity.

Pre-filing exhaustion is mandatory, and "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing this complaint." *Gonzalez*, 702 F.3d at 788. The record demonstrates that Plaintiff failed to exhaust his administrative remedies prior to filing this §1983 action. Thus, he may not proceed in this case.[4]

***Plaintiff's "Dispositive Motion" [41]***

In his Motion [41], Plaintiff alleges that ex post facto application of Mississippi laws prejudiced him and caused him to serve additional time in custody. He requests both monetary damages and a release from custody. *See* Complaint [1]; Motion [41]. As noted above, Plaintiff may not proceed with his claim for damages at this time because he did not exhaust his available administrative remedies.

---

[4] Exceptions to the exhaustion requirement are only appropriate where the administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and that the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id.* Plaintiff has not made such a showing.

As for his demand to be released, release from custody is not an available remedy under § 1983 and must be sought pursuant to a writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). To proceed with his habeas corpus claims, Plaintiff must also exhaust his state court remedies and file a separate petition for writ of habeas corpus. *See* 28 U.S.C. § 2254; *see also* n. 2. Accordingly, the undersigned recommends that Plaintiff's claims be dismissed without prejudice to pursue any available remedies in state court prior to returning to federal court.

## RECOMMENDATIONS

Based on the foregoing, the undersigned recommends that:

1. Defendants' Motion for Summary Judgment [39] be GRANTED,

2. Plaintiff's "Dispositive Motion" [41] be DENIED, and

3. This action be dismissed without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 17th day of January, 2023.

                                                s/Michael T. Parker
                                                UNITED STATES MAGISTRATE JUDGE