UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICHARD WHITE                                                                                   PLAINTIFF

V.                                             CIVIL ACTION NO. 3:21-CV-180-KHJ-MTP

STEVE PICKENS and LATISHA KA LOCKHART                              DEFENDANTS

ORDER

Before the Court is the Report and Recommendation ("Report") of United States Magistrate Judge Michael T. Parker. [42]. He recommends that Defendants Steve Pickens' and Latisha Ka Lockhart's Motion for Summary Judgment [39] be granted, Plaintiff Richard White's "Dispositive Motion" [41] be denied, and this action be dismissed without prejudice. [42] at 1. Written objections to the Report were due by January 31, 2023. The Report notified the parties that failure to file written objections to the findings and recommendations by that date would bar further appeal in accordance with 28 U.S.C. § 636.

When no party has objected to a magistrate judge's report and recommendation, the Court need not review it de novo. 28 U.S.C. § 636(b)(1). In such cases, the Court applies the clearly erroneous, abuse of discretion, and contrary to law standards of review. *See United States v. Brigham*, 569 F.3d 220, 228 (5th Cir. 2009) (citation omitted).

White was convicted and sentenced to 25 years in the custody of the Mississippi Department of Corrections. [15] at 3. He alleges that he was originally given a parole date of April 2, 2018, but claims this parole date was "taken away" in 2014. *Id.* at 5. White also claims that in 2021, he was given a new parole date of June 18, 2024. *Id.* at 1. He argues that he is entitled to his original parole date of April 2, 2018, and requests monetary damages for his time spent in custody beyond that date. *Id.* at 5; [1] at 5.

On August 9, 2022, Defendants filed their Motion for Summary Judgment [39] arguing that White did not exhaust his administrative remedies before filing suit. Rather than respond, White filed his own "Dispositive Motion" [41] on August 23, 2022.

The Magistrate Judge agreed with Defendants and held that White failed to exhaust his administrative remedies before filing his Complaint as required by 42 U.S.C. § 1997e(a). He noted that, pursuant to Miss. Code Ann. § 47-5-801, the Mississippi Department of Corrections established a two-step Administrative Remedy Program ("ARP") for inmates to seek a formal review of any complaint relating to their incarceration. [12] at 4. Although White completed the first step of the process, the Magistrate Judge found that he "did not appeal the first-step response within five days as required by the ARP program." *Id.* at 5. And because exhaustion is mandatory, the Magistrate Judge determined that White's § 1983 claims should be dismissed. *Id.* at 6 (citing *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012)); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (finding that after

passage of the PLRA, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory").

As to White's demand to be released from custody, the Magistrate Judge found that "release from custody is not an available remedy under § 1983 and must be sought pursuant to a writ of habeas corpus." [42] at 7 (citing *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973)). But before proceeding with his habeas claim, the Magistrate Judge noted that White must first "exhaust his state court remedies and file a separate petition for writ of habeas corpus." *Id.* at 7 (citing 28 U.S.C. § 2254). Accordingly, he found that White's habeas claims should also be dismissed without prejudice. *Id.*

White did not object to the Report, and his time to do so has passed. The Court finds that the Report is not clearly erroneous or contrary to law.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Report and Recommendation [42] of United States Magistrate Judge Michael T. Parker entered in this cause should be, and the same is, adopted as the finding of this Court.

IT IS FURTHER, ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [39] is GRANTED, Plaintiff's "Dispositive Motion" [41] is DENIED, and this action is DISMISSED WITHOUT PREJUDICE. The Court will issue a separate final judgment consistent with this Order.

SO ORDERED AND ADJUDGED this the 6th day of February, 2023.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE